UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

_____

DESIGN BASICS, LLC, and
PLAN PROS, INC.

    Plaintiff,

v.

AHMANN COMPANIES, INC., AHMANN DESIGN, INC., AHMANN HOME PLANS, INC., AHMANN PROPERTIES, LLC, JOSEPH GERARD AHMANN, and DONNA L. AHMANN

    Defendants

Case No: C16-00015-LRR

<u>JURY DEMANDED</u>

_____

***PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT***
_____

Plaintiffs, Design Basics, LLC (hereinafter, "DB") and Plan Pros, Inc. ("PPI")(collectively, "Plaintiffs") by its attorneys, Dana A. LeJune and Michael T. Hopkins, file this cause of action against the Defendants, Ahmann Companies, Inc. ("ACI"), Ahmann Design, Inc. ("ADI"), Ahmann Home Plans, Inc. ("AHPI"), Ahmann Properties, LLC ("APL"), Joseph Gerard Ahmann, ("J.Ahmann"),

individually, and Donna L. Ahmann ("D.Ahmann"), individually (collectively, "Defendants") and shows:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4. Plaintiff, PPI is a Nebraska limited liability company engaged in the business of creating publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

5. The Defendant, ACI is a for-profit Iowa company with its principal office located at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233. ACI is in the business of creating, marketing, publishing, and licensing architectural plans and designs, as well as the marketing, development, and sales of residential houses. Service of citation may be had upon Ahmann Companies, Inc. by serving citation

upon its Registered Agent, Joseph G. Ahmann at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233.

6. The Defendant, ADI is a for-profit Iowa company with its principal office located at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233. ADI is in the business of creating, marketing, publishing, and licensing architectural plans and designs. Service of may be had upon Ahmann Design, Inc. by serving citation upon its Registered Agent, Joseph G. Ahmann at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233.

7. The Defendant, AHPI is a for-profit Iowa company with its principal office located at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233. AHPI is in the business of creating, marketing, publishing, and licensing architectural plans and designs. Service of may be had upon Ahmann Home Plans, Inc. by serving citation upon its Registered Agent, Joseph G. Ahmann at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233.

8. The Defendant, APL is a for-profit Iowa company with its principal office located at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233. APL is in the business of marketing, developing, and selling residential houses. Service of citation may be had upon Ahmann Properties, LLC by serving citation upon its Registered Agent, Joseph G. Ahmann at 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233.

Plaintiff's Original Complaint for
Copyright Infringement

9. Defendant J.Ahmann is an individual residing in Cedar Rapids, IA, who is an officer, director, manager and/or other principal of the company Defendants and may be served with citation at 2510 Westwind Lane, Cedar Rapids, Iowa, 52411, 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233, or such other place as he may be found.

10. Defendant D.Ahmann is an individual residing in Cedar Rapids, IA, who is an officer, director, manager and/or other principal of the company Defendants and may be served with citation at 2510 Westwind Lane, Cedar Rapids, Iowa, 52411, 1641 Boyson Square Drive, Suite 100, Hiawatha, Iowa, 52233, or such other place as she may be found.

**Facts**

11. Since the early 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its work through the publishing of its designs on its website and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

12. DB is the sole original author and owner of a large number of architectural works, including those entitled the "Dover," the "Albany," the "Quimby," the "Monterey," the "Wexford," the "Ashley," the "Crimson Creek," and the "Kirby Farm."

13. PPI is the sole original author and owner of a large number of architectural works, including the one entitled the "Maddox."

14. **Exhibit 1** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for DB's "Dover."

15. **Exhibit 2** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for DB's "Albany."

16. **Exhibit 3** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for DB's "Quimby."

17. **Exhibit 4** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for DB's "Monterey."

18. **Exhibit 5** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for DB's "Wexford."

19. **Exhibit 6** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for DB's "Ashley."

Plaintiff's Original Complaint for
Copyright Infringement

20. **Exhibit 7** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for DB's "Crimson Creek."

21. **Exhibit 8** attached hereto is a true and correct copy of the deposit material and Registration Certificate issued by the U.S. Copyright Office for PPI's "Maddox."

22. On or about January 21, 2013 DB first became aware that the Defendants had violated their copyrights in one or more distinct ways. On said date, a DB employee met with a potential customer to discuss purchasing a license for a DB plan design. During this meeting, the potential customer showed the DB employee a plan from Defendants' website, www.ahmanndesign.com. While Defendants referred to the plan as "Plan #37212," the DB employee appreciated that the plan was nearly an exact copy of PPI's "Maddox." Upon further investigation, Plaintiffs discovered that at least eight (8) of DB's plans and at least one (1) of PPI's plans had been duplicated and placed on Defendants' website for purposes of advertising, marketing, and promotion. Plaintiffs preserved these infringing advertisements by making screen captures (**Exhibit 9**). The works discovered were:

   a. DB's "Dover," which Defendants refer to as "M00077;"
   b. DB's "Albany," which Defendants refer to as "51794;"
   c. DB's "Albany," which Defendants refer to as "63395;"

    **d.** DB's "Albany," which Defendants refer to as "94400;"

    **e.** DB's "Quimby," which Defendants refer to as "73797;"

    **f.** DB's "Quimby," which Defendants refer to as "80498;"

    **g.** DB's "Quimby," which Defendants refer to as "81904;"

    **h.** DB's "Quimby," which Defendants refer to as "84604;"

    **i.** DB's "Quimby," which Defendants refer to as "90705;"

    **j.** DB's "Monterey," which Defendants refer to as "73897;"

    **k.** DB's "Wexford," which Defendants refer to as "76702;"

    **l.** DB's "Ashley," which Defendants refer to as "M00044;"

    **m.** DB's "Crimson Creek," which Defendants refer to as "M00079;" and

    **n.** PPI's "Maddox," which Defendants refer to as "37212."

23. Defendants and Plaintiffs are both members of the American Institute of Building Designers ("AIBD") and National Association of Home Builders ("NAHB"), and over the years both parties have attended many of the various AIBD and NAHB functions. Defendants and Plaintiffs are in the same general business of creating, marketing, publishing, and selling licenses for architectural works and designs, and compete for customers in the same geographic area. Additionally, both Defendants' and Plaintiffs' home plans have been regularly published through the years by Glaringhouse, Dream Home Source, Homestyles, HomePlanners, National Plan, Better Homes and Gardens and BUILDER Magazine. Each time a new publication is distributed to the public, each of the featured designers – including both Defendants and Plaintiffs – receive a copy. Moreover, one or more of the floor

plans and elevations of the Plaintiffs' works at issue in this case were within one or more of these publications.

24. In addition to creating and publishing infringing copies of Plaintiffs' copyright protected works on Defendants' website for purposes of advertising, marketing and promotion, on information and belief, one or more of the Defendants, realized profits attributable from licensing these infringing copies to their customers. Upon information and belief, through selling licenses of these infringing works, Defendants distributed unauthorized copies of Plaintiffs' works for the purpose of constructing one or more three-dimensional infringing copies (houses) of these works.

25. Inasmuch as APL is in the business of marketing, developing, and selling residential houses, upon information and belief, materially contributed and/or otherwise benefited therefrom through the advertising, marketing, and/or sale of said three-dimensional infringing copies (houses). Accordingly, APL is liable to Plaintiffs as a joint and/or contributory infringer.

26. Inasmuch as ACI is the parent company of ADI, AHPI, and APL and/or otherwise had control of them, ACI had the right and ability to supervise ADI's, AHPI's, and APL's infringing activities and/or directly benefited therefrom by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of ADI's, AHPI's, and APL's copying,

Plaintiff's Original Complaint for
Copyright Infringement

marketing, publishing, and/or sales of said infringing house plans. Accordingly, ACI is liable to Plaintiffs as a joint and/or contributory infringer, or is otherwise vicariously liable.

27. Inasmuch as J.Ahmann was the principal and/or manager of the entity Defendants, and/or otherwise had control of them, at the time the entity Defendants first infringed Plaintiffs' works, J.Ahmann had knowledge of the entity Defendants' infringing activities and/or benefited therefrom by providing creative, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the entity Defendants' copying, marketing, publishing, and sale of the infringing works.

28. The conduct of the entity-Defendants described above, was performed or accomplished through the direction, control and conduct J.Ahmann personally, as owner, officer, director and/or manager of the entity Defendants. J.Ahmann had the ability to prevent the Defendant entities from infringing Plaintiffs' works, and/or to stop the infringements once they began. Additionally, J.Ahmann received pecuniary benefit from the acts of infringement by the entity Defendants. Accordingly, J.Ahmann is personally liable to Plaintiffs as a joint and/or contributory infringer, or are otherwise vicariously liable.

29. The illicit acts of the Defendants, described in paragraphs 11 through 28 above were done without permission or license from Plaintiffs, and are in violation of Plaintiffs' exclusive copyrights in said works.

30. Upon information and belief, Defendants have infringed Plaintiffs' copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

# Causes of Action for Non-Willful Copyright Infringement
## Count One

31. DB re-alleges and incorporates paragraphs 11 through 30 above as if fully set forth herein

32. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Two

33. DB re-alleges and incorporates paragraphs 11 through 30 above as if fully set forth herein.

34. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Three

35. DB re-alleges and incorporates paragraphs 11 through 30 above as if fully set forth herein.

36. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by distributing unauthorized copies and/or derivatives of Plaintiff's works for the purpose of creating fully constructed residences, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Four

37. DB re-alleges and incorporates paragraphs 10 through 30 above as if fully set forth herein.

38. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by materially contributing to the creation of derivatives of Plaintiffs' works in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Alternative Causes of Action for Willful Copyright Infringement
## Count Five

39. DB re-alleges and incorporates paragraphs 10 through 38 above as if fully set forth herein.

40. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of DB's works which are as yet undiscovered.

## Count Six

41. DB re-alleges and incorporates paragraphs 10 through 38 above as if fully set forth herein.

42. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Seven

43. DB re-alleges and incorporates paragraphs 10 through 38 above as if fully set forth herein.

44. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by distributing unauthorized copies and/or derivatives of Plaintiff's works for the purpose of creating fully constructed residences, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Eight

45. DB re-alleges and incorporates paragraphs 10 through 38 above as if fully set forth herein.

46. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of the works identified and described in paragraphs 11 through 21 above by materially contributing to the creation of derivatives of Plaintiffs' works in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of their works which are as yet undiscovered.

## Violations of DMCA § 1202
## Count Nine

47.  DB re-alleges and incorporates paragraphs 10 through 46 above as if fully set forth herein.  Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

48.  In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted Plaintiffs' copyright management information, or had them removed or omitted from copies of Plaintiffs' works.

49.  One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

50.  At the time said Defendants removed Plaintiffs' copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of Plaintiffs' copyrights.

51. Plaintiffs are entitled and seek to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

52. Pursuant to 17 U.S.C. §1203(b)(5), Plaintiffs are entitled to and seek to recover their reasonable attorneys' fees.

## Conclusion and Prayer

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For Plaintiffs' actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the advertising, marketing, promotion, and sale of licenses of infringing plan designs, as well as those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures by Defendants' customers, in an amount to be determined by the jury;

D. In the alternative, at Plaintiffs' option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined by the jury;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq*.;

F. Plaintiffs' actual costs, including but not limited to attorney fees, court costs, taxable costs, and the costs associated with the retention, preparation, and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

J. For such other relief as the Court determines to be just and equitable.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AND TENDERS THE REQUISITE JURY FEE.

Date: January 20, 2016  **LEJUNE LAW FIRM**

By: /S/ Dana A. LeJune
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
6525 Washington Avenue
Suite 300
Houston, Texas 77007
Tel: 713.942.9898 Telephone

Fax: 713.942.9899 Facsimile

and

**IP-LITIGATION. US, LLC**

By:   /S/Michael T. Hopkins
Michael T. Hopkins
SBN: 1014792
email: mth@ip-lit.us
757 N. Broadway, Suite 201
Milwaukee, WI  53202
Tel/Fax: 888-227-1655

And

**BURDETTE LAW FIRM, P.C.**

By:   /s/ Michael J. Burdette
Michael J. Burdette AT0001291
2409 Grand Avenue
Des Moines, IA 50312
515/251-7777 Telephone
515/287-2944 Facsimile
mburdette@mburdettelaw.com

*ATTORNEYS FOR PLAINTIFF*