# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC and<br>PLAN PROS, INC., <br><br>    Plaintiffs,<br><br>vs.<br><br>AHMANN DESIGN, INC.,<br>AHMANN HOME PLANS, INC.,<br>JOSEPH GERARD AHMANN,<br>and DONNA L. AHMANN,<br><br>    Defendants. | No. 16-CV-0015-LRR<br><br>**ORDER** |

On February 17, 2017, this matter came before the court for a telephonic hearing on Plaintiffs' Motion to Complete Inspection of Defendants' Plan Inventory/Project Files (Doc. 46) (Continued Inspection Motion). Plaintiffs were represented by Michael T. Hopkins and Dana A. LeJune. Defendants were represented by Matthew Novak. At the conclusion of the telephonic hearing, I denied the motion on the grounds that any relevance of the requested discovery is outweighed by the burden, primarily from extension of deadlines and delay of trial, that would occur from allowing additional inspection of Defendants' documents. For the reasons both stated on the record and in this Order, the Continued Inspection Motion (Doc. 46) is **denied**.

## I. PROCEDURAL BACKGROUND

Plaintiffs Design Basics, LLC and Plan Pros, Inc. (collectively Design Basics) filed an Amended Complaint on March 18, 2016. Doc. 22. Defendants Ahmann Design, Inc.; Ahmann Home Plans, Inc.; Joseph Gerrard Ahmann; and Donna L.

Ahmann (collectively Ahmann) filed an Answer on March 31, 2016, denying Design Basics' claims. Doc. 25. At issue in this case is Design Basics' claims that fourteen of Ahmann's stock plans infringe on copyrights of eight Design Basics' plans. Doc. 22 ¶ 20. On May 6, 2016, the court issued a scheduling order, which set the deadline for completing discovery as February 20, 2017, and the dispositive motions deadline as March 20, 2017. Doc. 26. The trial management order, issued May 9, 2016, scheduled trial for July 24, 2017.[1] Doc. 28. These orders remain in effect; the parties have not requested an extension of the deadlines or to continue trial. The deadline to amend the complaint expired on December 5, 2016. Doc. 26.

On August 10, 2016, the Honorable Jon S. Scoles issued an Order Regarding Discovery (Doc. 43), granting Design Basics a "limited opportunity" to inspect documents related to custom plans designed by Ahmann. The court allowed Design Basics to examine those documents to determine whether they contained any evidence of copyright infringement. The court specifically noted that the sole item of evidence that supported Design Basics' claim that Ahmann's custom plans infringed on Design Basics copyrights was an email from Mike Sattler to an Ahmann representative in February 2010 (Sattler email) that indicated Ahmann had altered a Design Basics plan. Doc. 43. The court stated, "Whether any additional inspection will be permitted may depend on what evidence, if any, is discovered in the first inspection." Doc. 43.

Design Basics first contacted Ahmann to schedule the inspection on December 7, 2016, nearly four months after the court's order allowing inspection. During the inspection, which occurred on December 15, 2016, a Design Basics representative examined nine of approximately 90 to 100 boxes. Nearly one month later, on January 13, 2017, Design Basics requested copies of specific documents from that inspection and obtained the copies around January 25, 2017. According to Ahmann's counsel, of the

---

[1] I noted the pending deadlines and trial date at the beginning of the telephonic hearing on the Continued Inspection Motion but later during the hearing referred to the trial date as May 24, rather than July 24. That misstatement does not affect my order in this case.

approximately 750 to 1,000 files that the representative examined, he located four items: two marketing sheets and two plans. The next apparent contact regarding a continued inspection occurred when Design Basics' counsel emailed Ahmann's counsel at 4:42 p.m. on Saturday, January 28, 2017. In that email, Design Basics' counsel included a draft of the Continued Inspection Motion (which was drafted quite similarly to a motion to compel discovery) and requested a response by the close of business on Monday, January 30, 2017. The parties were unable to agree on a continued inspection of documents, and Design Basics filed the Continued Inspection Motion on February 1, 2017. Ahmann filed a timely resistance to the motion (Doc. 47) on February 13, 2017, and Design Basics filed a timely reply (Doc. 57) on February 16, 2017.

## II. DISCUSSION

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Discovery requests are typically deemed relevant if there is any possibility that the information sought is relevant to any issue in the case." *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 557 (N.D. Iowa 2015). To sustain a relevance objection to requested discovery, the party must show that the requested information falls outside "the broad scope of relevance" under Federal Rule of Civil Procedure 26(b)(1) or that the potential burden of providing the discovery outweighs the requested information's marginal relevance. *St. Paul Reins. Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). Courts are required to issue scheduling orders that

3

limit the time, among other things, to complete discovery and file motions. Fed. R. Civ. P. 16(b)(1) & (3)(A). A court is required to limit discovery if it finds that "the discovery sought is unreasonably cummulative or duplicative . . . [or that] the party seeking discovery had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii).

In this case, the burden of allowing the continued inspection of Ahmann's custom-plan documents outweighs any relevance the documents may present. Design Basics is seeking to complete inspection of approximately 90 boxes that likely contain tens of thousands of documents. The initial inspection of nine boxes of documents resulted in Design Basics locating documents that have some relevance to the case. The Design Basics' representative, Carl Cuozzo, found copies of Design Basics plans, some of which included redlined changes, and construction drawings for an Ahmann plan that closely resembles a Design Basics plan. Cuozzo located thirty-four Ahmann custom plans that he believes infringe on five of the Design Basics plans listed in the Amended Complaint. These Ahmann custom plans identified by Cuozzo do not involve the fourteen Ahmann stock plans at issue under the Amended Complaint. It appears the primary relevance of the documents would be toward additional claims of copyright infringement. The deadline for amending the complaint expired in December. Therefore, such relevance no longer exists at this stage of the proceedings. The documents' remaining relevance for discovery purposes goes to potential damages[2] and the general actions of Ahmann in drafting plans. That relevance is strongly outweighed by the likely delays (discussed further below) that would result from allowing the continued inspection.

In addition, the delay by Design Basics in seeking to inspect Ahmann's documents has contributed to the disproportionality of the requested continued inspection. Counsel for Design Basics indicated there was some delay in finding availability of a

---

[2] At the hearing, Design Basics argued that the discovered information is relevant to proof of damages, but as noted by Ahmann, they did not raise this argument in their written Motion to Complete Inspection.

4

representative to conduct the initial inspection. Counsel acknowledged, however, that they could have moved more quickly in scheduling the initial inspection. They provided no reasonable justification for waiting until December to schedule the inspection or for the additional delay of nearly one month to request copies of documents located during that inspection. In a similar vein, Attorney LeJune noted during the telephonic hearing, which occurred the Friday prior to the Monday deadline to complete discovery, that Design Basics intended to pursue additional discovery, including seeking to depose and obtain documents from a former Ahmann draftsman and requesting a search of emails of an Ahmann customer. This case has been pending for nearly one year, and the parties were aware of the deadlines set by the court in May 2016. The failure by Design Basics to diligently pursue discovery[3] does not justify allowing their continued inspection of Ahmann's documents.

Furthermore, allowing the continued inspection would most likely result in a delay of filing dispositive motions and of the trial date. Ahmann's counsel stated during the telephonic hearing that the defense is waiting for the close of discovery to file dispositive motions and that allowing additional inspection would result in essentially reopening discovery. It appears that allowing Design Basics to continue the inspection would result in Ahmann seeking to conduct additional discovery to dispute claims and issues raised by Design Basics. As an example, Design Basics' attorney, Mr. LeJune, cited to the Sattler email and its incriminating nature in the Continued Inspection Motion. *See* Doc. 46 at 2 n.1. Ahmann's counsel provided information that Sattler had purchased the construction license for the plan discussed in the Sattler email, which meant that Ahmann

---

[3] I also have concerns with the manner in which counsel for Design Basics has engaged in discovery in this case. During the telephonic hearing, Attorney LeJune acknowledged that he intentionally failed to provide notice to Ahmann's counsel of subpoenas to non-party witnesses for depositions and the production of documents until a week after the witnesses had been served. Such conduct is contrary to Federal Rule of Civil Procedure 45(a)(4), which requires advance notice and providing a copy of the subpoena to opposing counsel before the subpoena is served. It demonstrates a failure on the part of Design Basics' counsel to act in good faith in conducting discovery in this case.

5

did not infringe on Design Basics' copyright with that plan. Design Basics' counsel acknowledged in their reply (Doc. 57) that this was true but contends they were unaware of that information at the time of the proceedings when Judge Scoles allowed the initial inspection. It was only after Design Basics raised this issue that Ahmann was able to investigate and obtain information that completely contradicted Design Basics' position. This information further undermines Design Basics' relevance claims. It further shows that the requested discovery would necessitate extended deadlines for discovery and filing of dispositive motions and a continuance of the trial date. The likely delays that would result from allowing a continued inspection far outweigh any relevance that would come from the continued discovery.

### III.   CONCLUSION

For the reasons stated on the record during the telephonic hearing on February 17, 2017, and the reasons stated above, Plaintiff's Motion to Complete Inspection of Defendants' Plan Inventory/Project Files (Doc. 46) is **denied**.

**IT IS SO ORDERED** this 2nd day of March, 2017.

	_____
	Kelly K.E. Mahoney
	United States Magistrate Judge
	Northern District of Iowa